UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

James Mills
6666 Odana Road, Suite 135
Madison, WI 53719

Plaintiff

v. Civil No.: 11-cv-346

Mercantile Adjustment Bureau, LLC
6390 Main Street, Suite 160
Williamsville, NY 14221

Defendant.

---

Complaint

---

COMES NOW the plaintiff, James Mills, by his attorney David Dudley, and for his complaint against the defendant, alleges as follows:

I. Preliminary Statement

This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA); the Federal Telephone Consumer Protection Act (47 U.S.C. § 227); and Wisconsin's Fair Debt Collection Practices Act, Wis. Stats. Chapter 427.

II. Jurisdiction and Venue

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the plaintiff resides here, the defendant transacts business here, and the conduct complained of occurred here.

III. Parties

2. Plaintiff, James Mills ("Mills"), is a natural person residing in the Western District of Wisconsin, with a mailing address of 6666 Odana Road, Suite 135, Madison, WI 53719.

3. Mills is a "consumer" as defined by 15 U.S.C. §1692a(3).

4. Defendant Mercantile Adjustment Bureau, LLC, (MAB) is a limited liability corporation engaged in the business of collecting debts in Wisconsin, with its principal place of business located at 6390 Main Street, Suite 160, Williamsville, NY 14221. MAB's registered service agent in Wisconsin is National Registered Agents, Inc., 901 S. Whitney Way, Madison, WI 53711.

5. MAB is a "debt collector" as defined by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

IV. Factual Allegations

6. On or about 2009, a third party debt collector contacted Mills about an alleged debt, which was purportedly related to a credit card possessed by Mills' brother. Mills informed the debt collector that the debt was not his, and declined to provide his brother's contact information.

7. Since that time, Mills has been contacted by several other debt collectors regarding his brother's alleged debt, including, most recently, MAB.

8. MAB began contacting Mills about his brother's alleged debt on or about January 2011.

9. MAB repeatedly contacted Mills to attempt to collect on the alleged debt.

10. MAB used prerecorded collection calls to Mills' cellular telephone about the alleged debt.

11. MAB has made between 3-4 prerecorded collection calls to Mills' cell phone each week, from on or about January 1, 2011 to the present.

12. Mills did not consent to receiving MAB's prerecorded collection calls to his cell phone.

13. Mills has received more than fifty prerecorded collection calls to his cell phone from MAB.

## VII. First Claim for Relief
(Violations of Federal Telephone Consumer Protection Act: 47 U.S.C. 227)

14. Plaintiff reallages paragraphs 1-13, above.

15. 47 U.S.C. § 227(b) provides, in relevant part:

> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

16. MAB repeatedly violated 42 U.S.C. § 227(b) by attempting to collect a debt from Mills using robocalls placed to Mills' cellular telephone.

17. 47 U.S.C. § 227(b)(3) provides:

> PRIVATE RIGHT OF ACTION.—A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to

> not more than 3 times the amount available under subparagraph (B) of this paragraph.

18. Mills seeks $500 in damages, trebled to $1,500 if the evidence shows that MAB willfully or knowingly placed the robocalls in violation of this law, for each MAB robocall made to him. Mills also seeks an injunction prohibiting any future such robocalls placed to his cellular telephone.

V. Second Claim for Relief
(Violations of the FDCPA: 15 U.S.C. § 1692)

19. Plaintiff realleges paragraphs 1-18 above.

20. 15 U.S.C. § 1692c(b) provides, in relevant part, that:

> [A] debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the creditor.

21. MAB repeatedly contacted Mills about his brother's alleged debt. Each such communication was a violation of 15 U.S.C. § 1692c(b).

22. As a result of the above violations of the Fair Debt Collection Practices Act, plaintiff seeks his actual damages, statutory damages not to exceed $1,000, and his costs, including a reasonable attorney's fee. 15 U.S.C. § 1692k.

VI. Third Claim for Relief
(Violations of the Wisconsin Consumer Act: Wis. Stat. Chapter 427)

23. Plaintiff realleges paragraphs 1-22 above.

24. Wisconsin Statute § 427.104(1) provides, in relevant part:

> Prohibited practices. (1) In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction, including a transaction primarily for an agricultural purpose, where there is an agreement to defer payment, a debt collector may not: . . . (h) Engage in other conduct which can reasonably be expected to threaten or

harass the customer or a person related to the customer; (j) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist . . .

25. As explained above, MAB's actions violated Wis. Stat. § 427.104(1)(h) & (j).

26. As a result of the defendant's illegal conduct, Mills has suffered emotional distress and mental anguish.

27. MAB is liable to Mills for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against MAB for the following:

A. Declaratory judgment that MAB's conduct violated the FDCPA, and declaratory and injunctive relief for MAB's violations of the Wisconsin Consumer Act and Federal Telephone Consumer Protection Act;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Statutory damages pursuant to Wis. Stat. § 425.304;

E. Emotional distress damages pursuant to Wis. Stat. § 427.105;

F. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Wis. Stat. § 425.308.

G. If the evidence supports such a finding at trial, punitive damages;

H. For such other and further relief as may be just and proper.

Dated this 20th day of May, 2011.

By:______________________

David Dudley, SBN 1062812
Frances Reynolds Colbert, SBN 1050435
The Consumer Protection Law Office LLC
1914 Monroe St.
Madison, WI 53711
Phone: 608-661-8855
Fax: 608-661-0067

ATTORNEYS FOR THE PLAINTIFF